**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HOPE BRUMBACH BRANHAM,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-443-P** |
| | § | |
| **U.S. BANK NATIONAL ASSOCIATION** | § | |
| ***Defendant.*** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S MOTIONS TO REMAND AND STAY**

Pending before the Court are two motions filed by Plaintiff Hope Brumbach Branham ("Plaintiff"). The motions are Plaintiff's Motion to Remand and Memorandum of Law [doc. 4], filed on April 10, 2026, and 2) Plaintiff's Emergency Motion for Stay of Foreclosure and Motion to Disregard Removal [doc. 5], filed on April 10, 2026 (collectively the "motions"). Both motions ask this Court to order remand or order a stay of foreclosure proceedings because of an alleged lack of subject matter jurisdiction. (*See generally* Plaintiff's Motion to Remand ("Pl.'s Mot. to Remand") at 1-3; *see also* Plaintiff's Motion to Stay ("Pl.'s Mot. to Stay") at 1-3).) More specifically, Plaintiff argues that the amount in controversy is not met because "Plaintiff seeks zero dollars." (*See* Pl.'s Mot. to Stay at 2.)

"In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). As described in Defendant's response, "the amount in controversy is, at a minimum, the current value of the Property -- approximately $417,000" because Plaintiff is seeking to enjoin Defendant from foreclosing the property at issue. (Defendant U.S. Bank National Association's Response ("Def.'s Resp.") at 2.) Thus, the amount in controversy requirement is clearly met. Accordingly, the Court

**RECOMMENDS** that Plaintiff's Motion to Remand [doc. 4] and Emergency Motion for Stay of Foreclosure and Motion to Disregard Removal [doc. 5] be **DENIED**.

## RECOMMENDATION

For the reasons set above and for the reasons set forth in Defendant's Response, the Court **RECOMMENDS** that Plaintiff's Motion to Remand [doc. 4] and Emergency Motion for Stay of Foreclosure and Motion to Disregard Removal [doc. 5] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 22, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of

the objections.

SIGNED July 8, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE