**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HOPE BRUMBACH BRANHAM,** | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-cv-443-P** |
| | § | |
| **U.S. BANK NATIONAL ASSOCIATION** | § | |
| ***Defendant*.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant U.S. Bank National Association ("Defendant")'s Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim ("Defendant's Motion to Dismiss") [doc. 20], filed on July 9, 2026. Having carefully considered the motion, response, reply, and applicable law, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

On March 26, 2026, Plaintiff Hope Brumbach Branham ("Plaintiff") filed a Complaint in Tarrant County District Court, and Defendant removed the case to this Court on April 9, 2026. (Defendant's Notice of Removal [doc. 1] at 1.) On July 3, Plaintiff filed an Amended Complaint for a Civil Case ("Plaintiff's Amended Complaint") [doc. 15]). Plaintiff alleges that Defendant is wrongfully foreclosing on the property she owns at 12325 Penson St., Haslet, TX 76052 (the "Property"). (*Id.* at 4.) In support, Plaintiff attached a Release of Lien ("Release of Lien") associated with a Deed of Trust dated May 28, 2026, recorded as Instrument No. D221157046 in the Tarrant County, Texas, real property records. (Attachments to Plaintiff's Amended Complaint [doc. 15-1] at 1.) Plaintiff alleges that the Release of Lien extinguished Defendant's interest in the

property and Defendant's right to foreclose. (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 4.)

In its Motion to Dismiss, Defendant claims that, originally, there were two liens attached to the Property, each evidenced by a Deed of Trust filed in the real property records for Tarrant County, and each for different loans. (Defendant's Motion to Dismiss ("Def.'s Mot. to Dismiss") at 2–3.) In support, Defendant requests that the Court take judicial notice of two Deeds of Trust, an assignment, and a release of lien. (Exhibit ("Ex.") to Def.'s Mot. to Dismiss, [doc. 20-1] at 10–12.) One loan in the amount of $362,715.00 was secured against the Property by a Deed of Trust dated May 28, 2021, which was filed in the Tarrant County real estate records as Instrument No. D221157045 in favor of Everett Financial, Inc. d/b/a Supreme Lending ("First Deed of Trust"). (Ex. to Def.'s Mot. to Dismiss at 6–8.) The First Deed of Trust was assigned to Defendant by a Corporate Assignment of Deed of Trust, Instrument No. D222007849, dated January 7, 2022. (Ex. to Def.'s Mot. to Dismiss at 22.) A second loan in the amount of $18,136.00 was secured against the Property by a Deed of Trust, dated May 28, 2021, which was filed in the Tarrant County real estate records as Instrument No. D221157046 in favor of The Southeast Texas Housing Finance Corporation ("Second Deed of Trust"). (Ex. to Def.'s Mot. to Dismiss at 24–26.) This is the Deed of Trust referenced by Plaintiff in the Amended Complaint. The Second Deed of Trust was released by the above-referenced Release of Lien upon payment in full. (Ex. to Def.'s Mot. to Dismiss at 40.)

Based upon the foregoing recital of public documents, Defendant argues the case should be dismissed for failure to state a claim since it is not foreclosing on the Second Deed of Trust, which was released. (Def.'s Mot. to Dismiss at 5–8.) Defendant avers that the Release of Lien extinguished the lien for the Second Deed of Trust, not the First Deed of Trust, the latter of which

the Defendant holds an interest in. (*Id.* at 5–6.) Therefore, Defendant argues that its interest remains unimpaired and enforceable. (*Id.*)

Plaintiff responded to Defendant's Motion to Dismiss on July 13, 2026. (Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Response to Defendant's Request for Judicial Notice ("Pl.'s Resp.") [doc. 21].) Therein, Plaintiff argues that the Defendant's "interpretation" of the documents for which Defendant requested judicial notice is improper. (*Id.* at 2.) Plaintiff does not dispute the validity of the documents nor the accuracy of their contents. (*Id.*) Plaintiff also asserts that Defendant is improperly seeking an early merits determination. (*Id.* at 2–3.)[1] Defendant replied to Plaintiff's Response on July 7, 2026, reasserting its arguments for dismissal and judicial notice [doc. 23]. The Motion to Dismiss is now ripe for the Court's consideration.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) is generally viewed with disfavor. *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) (internal quotation marks and citations omitted). A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a

[1] In her response, Plaintiff also introduces new facts that are not included in the Complaint. She claims that Defendant improperly prevented her from paying her loan. As these facts were not mentioned in the Complaint, they are outside the scope of this Motion to Dismiss. *See Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 582 (N.D. Tex. 2009) ("The Court does not condone Plaintiffs' 'moving target' approach to the Complaint in which it includes new facts and allegations in a response to a motion to dismiss.").

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. See *Iqbal*, 556 U.S. at 679.

When ruling on a 12(b)(6) motion to dismiss, the court must accept all well-pled facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). While well-pled facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Additionally, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). Finally, although "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers," *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), the pleadings must still show specific, well-pled facts, "not mere conclusory allegations" to avoid dismissal, *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

In rendering a decision on a 12(b)(6) motion, the court generally cannot look beyond the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). Additionally, the court may consider "'[d]ocuments that a defendant

attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (alterations in original)). Finally, the court may take judicial notice, at any stage of a legal proceeding, of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This includes public records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). The court may do so *sua sponte* or if a party so requests and provides the necessary information. *See* Fed. R. Evid. 201.

## III. ANALYSIS

### A. <u>Judicial Notice</u>

As set forth above, the Court may take judicial notice of matters of public record. *Norris*, 500 F.3d at 461 n.9. Here, the Tarrant County real estate records provided with Defendant's Motion to Dismiss are public records. Plaintiff does not question their validity or their contents. Accordingly, the Court takes judicial notice of the below-listed documents, all of which are recorded by the Tarrant County Clerk in its Official Public Records:

1. First Deed of Trust, dated May 28, 2021, Document No. D221157045;
2. Corporate Assignment of Deed of Trust, dated January 7, 2022, Document No. D222007849, assigning the First Deed of Trust with Document No. D221157045 to Defendant;
3. Second Deed of Trust, dated May 28, 2021, Document No. D221157046; and

4. Release of Lien, dated June 14, 2022, releasing the lien created by the Second Deed of Trust with Document No. D221157046.

**B. <u>12(b)(6)</u>**

As stated above, when ruling on a Motion to Dismiss, the Court generally looks only to the complaint, its attachments, and any judicially noticed facts. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Here, Plaintiff's Amended Complaint alleges that Defendant may not foreclose on her property because of the Release of Lien. However, the Release of Lien itself specifically indicates it relates to Second Deed of Trust and makes no mention of the First Deed of Trust. The Release of Lien also identifies The Southeast Texas Housing Finance Corporation as the lender releasing the lien, not the Defendant. Moreover, there are no allegations or evidence that the First Deed of Trust has been released and that Defendant may not enforce it. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss [doc. 20] be **GRANTED** and that Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE**.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions

accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 16, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 2, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE